Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew S. Fellows; and Theresa L. Fellows; | No. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| Grant & Weber Arizona, Inc.; | |
| Defendant. | (Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiffs seek recovery of statutory damages, actual damages, costs and attorney's fees.

### II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies

in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendant perpetrated therein.

### III. PARTIES

3. Plaintiffs reside in Maricopa County, Arizona.
4. Plaintiffs are natural persons who were obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).
6. Defendant Grant & Weber Arizona, Inc. is an Arizona corporation.
7. Grant & Weber is licensed and bonded as a collection agency by the Arizona Department of Financial Affairs, license number 0903319.
8. Grant & Weber collects or attempts to collect debts owed or asserted to be owed or due another.
9. Grant & Weber is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV. Factual Allegations

10. On or about February 16, 2012, Grant & Weber sent Plaintiff Matthew Fellows a collection letter concerning a debt allegedly owed to Chandler Regional Hospital in the amount of $416.03. (Copy of letter attached hereto as Exhibit A.)
11. Exhibit A was the initial letter sent to Matthew from Grant & Weber.
12. On or about March 15, 2012, Grant & Weber sent a second collection letter to Matthew Fellows concerning a debt allegedly owed to Chandler Regional Hospital in the amount of $10,143.87. (Copy of letter attached hereto as Exhibit B.)
13. On or about July 9, 2012, Grant & Weber sent a collection letter

|   |   |
|---|---|
| | addressed for the first time to both Matthew Fellows and Theresa Fellows concerning a debt allegedly owed to "Chandler Region" in the amount of $8,133.36. (Copy of letter attached hereto as Exhibit C.) |
| 14. | Exhibit C was the first written correspondence Grant & Weber addressed to Theresa Fellows. |
| 15. | Exhibit C was the first communication from Grant & Weber to Theresa Fellows concerning the collection of the alleged debt. |
| 16. | Exhibit C did not contain the verification / validation notice required by 15 U.S.C. § 1692g. |
| 17. | In Exhibit C, Grant & Weber threaten that: |

> Since you have chosen to ignore our requests for payment of this obligation, we *have* referred this matter to our attorney, William Holder, Esq., for whatever action he deems appropriate.
>
> Should you wish to avoid intervention by our attorney, we will look forward to discussing this matter with your on or before July 16, 2012.

(emphasis added).

18. Grant & Weber sent Exhibit C to Plaintiffs intending to threaten them and lead them to believe that legal action was imminent unless the account was paid.
19. Upon information and belief, at the time it sent Exhibit C, Grant & Weber had not referred the Chandler Regional Hospital debt to attorney William Holder.
20. Upon information and belief, at the time it sent Exhibit C, Grant & Weber did not have permission from attorney William Holder to use his name in its correspondence to Plaintiffs in the form of Exhibit C.

- 3 -

21. Upon information and belief, at the time Grant & Weber sent Exhibit C to Plaintiffs, attorney William Holder did not know that his name was being utilized by Grant & Weber in its letters in the form of Exhibit C.

22. Upon information and belief, at the time it sent Exhibit C, Grant & Weber did not have permission from Chandler Regional Hospital to take legal action against Plaintiffs.

23. Upon information and belief, at the time it sent Exhibit C, Grant & Weber did not have permission from Chandler Regional Hospital to threaten to take legal action against Plaintiffs.

24. Grant & Weber sent Exhibit C to Plaintiffs intending to threaten legal action against Plaintiffs knowing that it did not have authority from Chandler Regional Hospital to refer the account to an attorney for legal action.

25. On or about July 27, 2012, Grant & Weber sent Plaintiffs another collection letter concerning the Chandler Regional Hospital debt. (Copy of letter attached hereto as Exhibit D.)

26. Grant & Weber stated in part in Exhibit D that "As long as this account remains unpaid, it is a negative reflection on your credit per our listing of your name with Experian and TransUnion Credit Agency [sic]."

27. Upon information and belief, at the time Grant & Weber sent Exhibit D to Plaintiffs, it had not reported the Chandler Regional Hospital debt to Experian or Trans Union under Plaintiff Theresa Fellows' name.

28. On or about September 5, 2012, Grant & Weber sent a request to Chandler Regional Medical Ctr asking "PERMISSION TO REFER THIS MATTER TO OUR ATTORNEY FOR SUIT." (Copy of Request letter is

attached hereto as Exhibit E.)

29. Chandler Regional Medical Ctr did not endorse Exhibit E granting permission to Grant & Weber to refer this matter to its attorney until October 4, 2012.

30. As a result and proximate cause of Defendant's actions, Plaintiffs have suffered actual damages, including, but not limited to, anxiety, embarrassment, humiliation, and other emotional distress.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

31. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

32. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692g.

33. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiffs have suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Costs and reasonable attorney's fees pursuant to the FDCPA; and

d) Such other relief as may be just and proper.

DATED  June 13, 2013 .

         s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs